IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502; CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND; CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND; CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND; CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND; CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST; CEMENT MASONS' LOCAL UNIONS 502, 803 AND 11 AREAS 161, 362 AND 638 LABOR MANAGEMENT COOPERATION TRUST FUND; and CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, | CASE NO.: 20-CV-4187 <br><br> JUDGE: <br><br> MAG. JUDGE: |
| Plaintiffs, | |
| vs. | |
| INDEPENDENT PAVING CO., INC., an Illinois corporation, and | |
| Defendants. | |

## COMPLAINT

NOW COME the Plaintiffs, the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502, the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND, the CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST, the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND, the CEMENT MASONS' LOCAL UNIONS 502, 803 AND 11 AREAS 161, 362 AND 638 LABOR MANAGEMENT COOPERATION TRUST FUND and the

CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, complaining of the Defendant INDEPENDENT PAVING CO., INC., and in support, allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act ("LMRA"). (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185, 1132 and 1145, and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502, the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND, the CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST, and the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND (collectively the "TRUST FUNDS") are administered at 739 25th Ave., Bellwood, Illinois 60104 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUST FUNDS receive contributions from numerous employers pursuant to the Collective Bargaining Agreement ("CBA") entered into between the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5 ("UNION") and the Concrete Contractors Association of Greater Chicago/Mid-America Regional Bargaining Association, and therefore are multiemployer plans under 29 U.S.C. §§ 1002(37).

4. The CEMENT MASONS' LOCAL UNIONS 502, 803 AND 11 AREAS 161, 362 AND 638 LABOR MANAGEMENT COOPERATION TRUST FUND ("LMCC") is a labor management cooperation committee that is administered in Bellwood, Illinois.

5. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the TRUST FUNDS and the LMCC are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. The UNION is the bargaining representative of the Defendant INDEPENDENT PAVING CO., INC. ("INDEPENDENT PAVING")'s bargaining-unit employees.

7. Pursuant to Section 301 of the LMRA (29 U.S.C. § 185), the UNION is authorized to bring suit against signatory employers for breach of a collective bargaining agreement.

8. The Defendant INDEPENDENT PAVING is an Illinois corporation with its principal place of business in Bellwood, Illinois.

## COUNT I – BREACH OF CONTRACT

9. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. INDEPENDENT PAVING is an employer engaged in an industry affecting commerce, which agreed to be bound by the terms of the CBA through a Memorandum of Agreement. (A copy of the Memorandum of Agreement is attached as **Exhibit 1**); (A copy of the CBA is attached as **Exhibit 2**).

11. Through the CBA and Memorandum of Agreement, INDEPENDENT PAVING agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

12. Pursuant to the provisions of the CBA, Memorandum of Agreement, and Trust Agreements, INDEPENDENT PAVING is required to make monthly reports of the number of hours

worked by its bargaining-unit employees and pay contributions to the TRUST FUNDS and LMCC for each hour that a bargaining-unit employee performs any work at the negotiated rate set forth in the CBA. The monthly reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

13. Pursuant to the CBA, INDEPENDENT PAVING is required to deduct five dollars ($5.00) from its bargaining-unit employees' wages for each hour worked and remit it to the CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND ("SAVINGS FUND"). (**Exhibit 2**).

14. Pursuant to the CBA and properly executed check-off cards, INDEPENDENT PAVING is required to deduct five percent (5%) from its bargaining-unit employees' wages for each hour worked and remit it to the UNION. (**Exhibit 2**).

15. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132) and the provisions of the CBA and Trust Agreements, employers who fail to submit their monthly reports and contributions to the TRUST FUNDS and the LMCC, and dues to the UNION, on a timely basis are responsible for the payment of liquidated damages equal to fifteen percent (15%) of the amount unpaid, plus interest at a rate of ten percent (10%) per annum, and any reasonable attorneys' fees and costs of maintaining suit, as well as any auditor fees incurred. (**Exhibit 2**).

16. INDEPENDENT PAVING failed to timely submit payment of contributions and union dues to the TRUST FUNDS, the LMCC, and the UNION for the month of October 2019.

17. As a result of INDEPENDENT PAVING's failure to remit timely payment for contributions and union dues for the months of October 2019, INDEPENDENT PAVING owes the TRUST FUNDS, the LMCC, and the UNION liquidated damages in the aggregate amount of $4,161.73.

18. INDEPENDENT PAVING has a continuing obligation to remit monthly contribution reports, contributions and union dues on a monthly basis to Plaintiffs, and to comply with the terms of the CBA, Memorandum of Agreement, and Trust Agreements.

19. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from INDEPENDENT PAVING.

20. Plaintiffs have complied with all conditions precedent in bringing this suit.

21. INDEPENDENT PAVING is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Defendant INDEPENDENT PAVING in the amount of $4,161.73 for the liquidated damages resulting from the untimely payment of contributions and dues for the month of October 2019;

B. That Judgment be entered in favor of Plaintiffs and against Defendant INDEPENDENT PAVING for any and all other contributions, union dues, liquidated damages, and interest found to be due and owing in addition to those referenced in Paragraph A above;

C. That Defendant INDEPENDENT PAVING be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

D. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant INDEPENDENT PAVING's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502** *et al.*

/s/ Lucas J. Habeeb - 6329755
One of Plaintiffs' Attorneys
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606
(312) 757-5472
habeeb@johnsonkrol.com